UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 10247 DPW

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | MAGISTRATE JUDGE Cohen |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| MHPG, INC. ) | |
| ) | |
| Defendant. ) | |

RECEIPT #_____
AMOUNT $ N/A
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 2/5/04

**COMPLAINT**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, on behalf of the Federal Aviation administration (hereinafter "FAA"), files its Complaint against defendant, MHPG, Inc. alleging as follows:

I.

This is a civil suit brought by the United States of America to reduce to judgment a civil penalty assessed against the defendant by the FAA under 49 U.S.C. § 5123(a) and 49 U.S.C. § 46301(a)(3).

II.

Jurisdiction is conferred upon this Court by 49 U.S.C. § 5123(d), 49 U.S.C. § 46305, and 28 U.S.C. §§ 1345 and 1355.

III.

David Hurowitz, the President of MHPG, Inc., resides 142 Heritage Drive, Whitinsville, MA; venue is conferred upon this court by 28 U.S.C. § 1395.

IV.

On July 31, 2002, the FAA issued and served on the defendant a Notice of Proposed Civil Penalty, advising the defendant that the FAA proposed to assess a civil penalty of $3,000.00 for violating sections 171.2(a), 172.200(a), 172.202, 172.202(a)(1), 172.202(a)(2), 172.202(a)(3), 172.202(a)(4), 172.202(a)(5), 172.202(b), 172.202(c), 172.204, 172.204(a), 172.204(c)(1), 172.204(c)(2), 172.204(c)(3), 172.300, 172.301(a), 172.304(a)(1), 172.400(a), and 1731(b) of the U.S. Department of Transportation's Hazardous Materials Regulations, Title 49, Part 171, *et seq.*, of the Code of Federal Regulations. The Notice advised the defendant of an opportunity for a hearing described in 14 C.F.R. §§ 13.16 and 13.201, *et seq.*

V.

On September 9, 2002, the FAA issued and served on the defendant a Final Notice of Proposed Civil Penalty, proposing to assess a civil penalty in the amount of $2,500 for violating sections 171.2(a), 172.200(a), 172.202, 172.202(a)(1), 172.202(a)(2), 172.202(a)(3), 172.202(a)(4), 172.202(a)(5), 172.202(b), 172.202(c), 172.204, 172.204(a), 172.204(c)(1), 172.204(c)(2), 172.204(c)(3), 172.300, 172.301(a), 172.304(a)(1), 172.400(a), and 1731(b) of the Hazardous Materials Regulations. The Final Notice advised the defendant that, unless a hearing was requested within 15 days of receipt of the Final Notice, the defendant would have no further right to a hearing.

VI.

Thereafter, the FAA issued an Order Assessing Civil Penalty in the amount of $3,000.00 for violating sections 171.2(a), 172.200(a), 172.202, 172.202(a)(1), 172.202(a)(2), 172.202(a)(3), 172.202(a)(4), 172.202(a)(5), 172.202(b), 172.202(c), 172.204, 172.204(a), 172.204(c)(1), 172.204(c)(2), 172.204(c)(3), 172.300, 172.301(a), 172.304(a)(1), 172.400(a), and 1731(b) of the

Hazardous Materials Regulations. The FAA further ordered that the assessed penalty be paid immediately. Attached as "Exhibit A" is a copy of the Order Assessing Civil Penalty.

VII.

The FAA, by letter dated April 15, 2003, demanded payment of the above-described civil penalty, and advised the defendant of the additional liability for interest, administrative charges, and penalties, should prompt payment in full not by made.

VIII.

As of this date, the defendant has not complied with the Order Assessing Civil Penalty, in that the defendant has failed or refused to pay the entire civil penalty assessment despite having received the Notice of Proposed Civil Penalty and an opportunity for hearing, and despite repeated demands by the FAA that the assessment be paid.

IX.

In accordance with 49 U.S.C. § 5123 and 49 U.S.C. § 46305, the defendant is subject to a civil penalty for each violation regulations. The maximum penalty of violations, as adjusted under 14 C.F.R. § 13.305, is $30,000.00. The defendant is now indebted to the United States in the amount assessed by the FAA. In accordance with 31 U.S.C. § 3717, the defendant is also liable for interest computed at the rate of 3% per annum, administrative costs, and penalties on the amount assessed.

WHEREFORE, the United States demands judgment against MHPG, Inc. in the principal amount of $3,000.00; plus interest in the amount of $74.99; plus interest on this principal at the annual rate of 6% per annum until the date of judgment. The United States further demands, pursuant to 28 U.S.C. § 1961, that interest on the judgment accrue at the legal rate until paid in full.

                    Respectfully submitted,

                    UNITED STATES OF AMERICA
                    By its attorneys

                    MICHAEL J. SULLIVAN
                    United States Attorney

By: *[signature]*

                    CHRISTOPHER R. DONATO
                    Assistant U.S. Attorney
                    One Courthouse Way, Suite 9200
                    Boston, Massachusetts 02210
                    (617) 748-3288

Dated: February 5, 2004